Rudy SETIAWAN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–75720.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 21, 2008.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Adolfo Ojeda–Casimiro, Esq., Salazar Law Offices, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Office of The District Counsel Department of Homeland Security, San Francisco, CA, Hillel Smith, Esquire, DOJ–U.S. Department of Justice, Washington, DC, WWS–District Counsel, Esquire, Immigration And Naturalization Service Office of The District Counsel, Seattle, WA, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Rudy Setiawan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

 Even if Setiawan's asylum application was timely, substantial evidence supports the agency's finding that Setiawan failed to establish that his experiences in Indonesia rise to the level of past persecution or that he has a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–18 (9th Cir.2003). Further, Setiawan failed to demonstrate the requisite level of individualized risk necessary to establish that he has a well-founded fear of future persecution under the disfavored group analysis. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir.2004). Accordingly, Setiawan failed to establish eligibility for asylum.

 Because Setiawan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Substantial evidence also supports the agency's denial of Setiawan's CAT claim because he failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.